UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA LANDMASTERS,
LLC, et al.,

    Appellants,

v.                        CASE NO. 8:11-CV-2286-T-17

AMERICAN MOMENTUM BANK,

    Appellee.

_____/

ORDER

This cause is before the Court on:

Dkt. 2    Emergency Motion for Stay Pending
           Appeal and Incorporated Memorandum
Dkt. 6    Response in Opposition to Emergency Motion
           For Stay Pending Appeal and Incorporated
           Memorandum

This Bankruptcy Appeal is an appeal of the Bankruptcy Court's Final Judgment of Mortgage Foreclosure (Bk. Dkt. 494). The Bankruptcy Court granted the Final Summary Judgment of Foreclosure on July 1, 2011 (Bk. Dkt. 478), and later entered the Final Judgment reflecting the amount due and the procedures for the public sale of the property in the event that the Judgment was not paid in cash on or before October 12, 2011 (Bk. Dkt. 494).

This Bankruptcy Appeal was transferred to the undersigned because it is related to Case No. 8:11-CV-2285-T-17, which is a Bankruptcy Appeal of the Bankruptcy Court's Order (Bk. Dkt. 478)

Case No. 8:11-CV-2286-T-17

granting the Motions for Partial Summary Judgment as to Affirmative Defenses (Bk. Dkts. 91, 97, 105) and the Motion for Final Summary Judgment of Foreclosure (Bk. Dkt. 330) of American Momentum Bank.

Appellants requested that the Bankruptcy Court enter a stay, which was denied (Bk. Dkt. 515). The Bankruptcy Court found that Florida Landmasters, LLC et al. did not have a likelihood of success on the merits of their appeal, as well as the reasons stated in open court. (Transcript of 10/4/2011 Hearing, Dkt. 6-5).

Appellants request that the Court enter a stay of proceedings pending determination of the appeal. Appellants argue that a stay is necessary to preserve the status quo by preventing the transfer of title and possession of Appellants' sole asset that is the subject matter of this case.

Appellee opposes Appellants' Emergency Motion.

I. Standard of Review

In order to obtain a stay, the movant must clearly establish: a) a likelihood of success on the merits; b) the movant will suffer irreparable injury if a stay is not granted; c) that other parties will suffer no substantial harm if a stay is granted; and d) if the public interest is implicated, that granting the stay would serve the public interest. In re Charter Co., 72 B.R. 70 (Bk. M.D. Fla. 1987).

The movant has the burden of proving each of the four

elements. Id.

A.  Likelihood of Success on the Merits

The operative documents in this dispute are a loan agreement, a note, a mortgage and security agreement, and various guarantees.

As noted by the Bankruptcy Court, American Momentum Bank alleged, and Florida Landmasters, LLC did not dispute, that Florida Landmasters did not pay the real estate taxes for the asset as they came due for 2007 and 2008 in a total amount of over a million dollars, and has not paid the 2009 or 2010 real estate taxes. American Momentum Bank paid the real estate taxes for 2007 and 2008 in 2009.

American Momentum Bank sent a demand and notice letter to the borrower on May 7, 2009, alleging that because Florida Landmasters, LLC did not pay the real estate taxes, did not reimburse the Bank for the real estate taxes paid by the Bank, and did not make regular payments on the loan, the loan was being accelerated, and demanding payment of the entire loan balance. The borrower and guarantors did not tender any of those amounts within thirty days after May 7, 2009.

American Momentum Bank commenced a mortgage foreclosure action in June, 2009 against Florida Landmasters, LLC and affiliated entities, to which Florida Landmasters, LLC filed an answer and counterclaim. Florida Landmasters, LLC commenced a Chapter 11 proceeding on December 13, 2010. The mortgage foreclosure action was removed in January, 2011.

Case No. 8:11-CV-2286-T-17

The Promissory Notice of August 17, 2007 expressly incorporates all of the terms, definitions, conditions and covenants of the "Loan Documents" (Note, Mortgage, Loan Agreement, Guaranties, Financing Statements, other agreements). The Note provides:

> 7. <u>Default</u>. Any failure of Borrower or any Guarantor to comply with any term, covenant, or condition of this Notice, including, without limitation, Borrower's failure to pay principal, interest, or expenses when same shall become due, or the existence of any Default Condition or Default under the Loan Documents, shall be deemed, at the option of Lender, a Default under this Note.
>
> 8. <u>Acceleration</u>. Upon the occurrence of a Default hereunder or under the terms of any one or more of the Loan Documents, Lender may declare the then outstanding principal and all accrued but unpaid interest immediately due and payable and upon acceleration and thereafter this Note shall bear interest at the Default Rate, hereafter defined, until all indebtedness evidenced hereby and secured by the Loan Documents has been paid in full. Further, in the event of such acceleration, the Loan, and all other indebtedness of Borrower to Lender arising out of or in connection with the Loan shall be come immediately due and payable, without presentation, demand, protest or notice of any kind, all of which are hereby waived by Borrower. Any judgment rendered on this Note shall bear interest at the Default Rate (as herein defined).

The Note required the Borrower to pay monthly payments on the Loan. The Mortgage and Security Agreement required the Borrower to promptly pay all taxes when due (Sec. 2(d)). The Mortgage and Security Agreement identified events of default

4

Case No. 8:11-CV-2286-T-17

(Sec. 7). The Mortgage and Security Agreement authorized the Mortgagee to accelerate the Loan, take possession of the property, and foreclose the mortgage, among other remedies (Sec. 8).

Florida Landmasters, LLC et al. did not dispute that real estate taxes were not paid by the Borrower when due, or that Florida Landmasters, LLC et al. have not reimbursed American Momentum Bank for the real estate taxes paid for the subject property, or that monthly payments on the Loan were not paid when due.

After consideration, the Court concludes that Appellants cannot establish a likelihood of success on the merits of the appeal.

Because Appellants must establish each of the four elements, the Court finds that it is not necessary to address the alleged irreparable harm to the movanst, whether a stay would substantially harm another party, or whether the public interest would be served by granting a stay. Accordingly, it is

**ORDERED** that Appellants' Emergency Motion for Stay Pending Appeal (Dkt. 2) is **denied**.

Case No. 8:11-CV-2286-T-17

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 12th day of October, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record