UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA LANDMASTERS, LLC,
et al.,

    Appellants,

v.                                      CASE NO. 8:11-CV-2285-T-17
                                        CASE NO. 8:11-CV-2286-T-17

AMERICAN MOMENTUM BANK,

    Appellee.

_____/

ORDER

This cause is before the Court on:

Dkt. 10   Brief of Appellant
Dkt. 13   Brief of Appellee
Dkt. 25   Stipulated Notice of Dismissal With Prejudice
Dkt. 26   Status Report

This case is an appeal of the Bankruptcy Court's Order Granting Appellee's Motion for Summary Judgment as to Foreclosure, All Affirmative Defenses and Counterclaim, and the subsequent Final Judgment of Mortgage Foreclosure. Case No. 8:11-CV-2285-T-17 and Case No. 8:11-CV-2286-T-17 were consolidated for all purposes.

Appellants include Florida Landmasters, LLC, Toledo Blade Interchange, LLC; Price Projects, LLC, Price Health Park, LLC, Lakeside Properties, LLC, Waterside Properties, LLC, North Port Parkway, LLC, Chamberlain Properties, LLC, North Port Hospital Holdings, LLC, Snover Development, LLC, North Port Restaurants, LLC, North Port Retail Center, LLC, Creighton Office Center, LLC, North Port Town Center, LLC and Frank Menke, III. Florida Landmasters, LLC is the Borrower, and has a

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

membership interest in the real property; the other Appellants are guarantors and owners of the real property.

The Court notes that on November 14, 2012 the Bankruptcy Court entered an Order Approving Compromise between American Momentum Bank and Shari S. Jansen as Chapter 7 Trustee of Estates of Debtors Florida Landmasters, LLC; Toledo Blade Interchange, LLC; Price Projects, LLC; Lakeside Properties, LLC; Price Health Park, LLC; Chamberlain Properties, LLC; North Port Hospital Holdings, LLC; Snover Development, LLC; North Port Restaurants, LLC; North Port Retail Center, LLC; Creighton Office Center, LLC; North Port Town Center, LLC and North Port Parkway, LLC.  (Dkt. 26).  Trustee Shari S. Jansen has filed a Stipulated Notice of Dismissal With Prejudice as to Debtor Appellants.  (Dkt. 25).  This appeal is dismissed as to those Appellants.  This appeal remains pending as to Appellants Waterside Properties, LLC and Frank Menke, III.

At a hearing conducted on June 22, 2011, the Bankruptcy Court identified the undisputed facts on which the Bankruptcy Court relied in ruling on the pending motions for partial summary judgment and for summary judgment. (Dkt. 8, Exh. 34).  A Stipulation as to the amount due was filed on August 18, 2011; the Bankruptcy Court entered a Final Judgment of Mortgage Foreclosure on September 9, 2011.  The Bankruptcy Court retained jurisdiction to enter deficiency judgments, writs of possession, writs of replevin, order confirming sale and title issues, and supplemental awards of receiver-related fees or costs to Plaintiff American Momentum Bank should the sale of the mortgaged property be delayed.

The Loan Documents involved in the transaction include a Loan Agreement, Promissory Note, Mortgage and Security Agreement, Assignment of Rents, Leases and Profits, and the guarantees of the affiliates and Frank Menke, III.  (Dkt. 5, Exhs.

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

1,2,3,4). The Court notes that a motion for stay pending appeal was denied in the Bankruptcy Court and in this Court.

The Court notes that Debtors sought bankruptcy protection under Chapter 11, and the Chapter 11 proceedings were converted to Chapter 7 proceedings on March 21, 2012.

I. Standard of Review

The Court reviews the Bankruptcy Court's grant of summary judgment de novo. In Re Optical Technologies, Inc., 246 F.3d 1332, 1334 (11th Cir. 2001). De novo review requires the Court to determine an issue independently of, and without deference to, the trial court's determination. In Re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001). In bankruptcy proceedings, summary judgment is governed by Bankruptcy Rule 7506, which incorporates Fed. R. Civ. P. 56. Under Fed. R. Civ. P. 56, summary judgment is appropriate when there are no disputed issues of material fact and when the moving party is entitled to summary judgment as a matter of law. The determination that there are no disputed issues of material fact is a legal conclusion that is reviewed de novo.

II. Discussion

A. Brief of Appellants

Appellants contend that the Bankruptcy Court abused its discretion by failing to apply the proper legal standards and by failing to follow the proper procedures in making its determination.

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

Appellants have identified three issues in this appeal:

1. Whether the Bankruptcy Court erred in granting summary judgment in favor of American Momentum Bank, denying summary judgment in favor of Defendants and entering Foreclosure Judgment based on a purported failure to pay taxes when it is undisputed that the taxes had been paid by AMB at the time of the purported default.

2. Whether the Bankruptcy Court erred in granting summary judgment in favor of American Momentum Bank, denying summary judgment in favor of Defendants and entering Foreclosure Judgment based upon a purported failure to repay an advance for the taxes when the only notice sent by AMB did not allow for payment of the advance.

3. Whether the Bankruptcy Court erred in granting summary judgment as to Defendants' Counterclaim where American Momentum Bank claimed a default based upon conditions that did not exist at the time of the notice and which notice did not comply with the terms of the Loan Documents.

B. Appellee's Brief

Appellee American Momentum Bank states that the Order Granting Summary Judgment was not a final judgment which could be appealed as of right and Appellants did not seek or obtain leave to appeal as required by 28 U.S.C. Sec. 158(a)(3). Since the briefs in Case No. 8:11-CV-2286-T-17 are substantively identical, the Court's disposition of the appeal in Case No. 8:11-CV-2286-T-17 will dispose of Case No. 8:11-CV-2285-T-17.

Since Case No. 8:11-CV-2285-T-17 and Case No. 8:11-CV-2286-T-17 were consolidated, and Case No. 8:11-CV-2286-T-17 involves a final order, the Court will rule on both cases as if both cases involve final orders.

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

Appellee argues that it is undisputed that Debtors did not pay the property taxes for 2007 and 2008. Payment of real estate taxes was an agreed covenant of the Loan Agreement, Section 5.4, and the Mortgage, Sec. 2(d). Failure to pay real estate taxes is an event of default pursuant to Sec. 6.2(2) of the Loan Agreement, and Sec. 7(b) of the Mortgage. Appellee argues that, based on the undisputed fact that Debtors defaulted in their obligation to pay real estate taxes, and based on the legal determination that none of the affirmative defenses asserted by Debtors vitiated Appellee's right to foreclose the mortgage in default, the Bankruptcy Court granted Appellee's Motion for Summary Judgment as to Foreclosure, All Affirmative Defenses and Counterclaim.

C. Issues

1  Payment of Real Estate Taxes

The Court notes that failure to pay real estate taxes when due is a sufficient basis for entry of a final judgment of foreclosure. Siahpoosh v. NOR Props., Inc., 666 So.2d 988, 989 (Fla. 4th DCA 1996); Lunn Woods v. Lowrey, 577 So.2d 705m 706 (Fla. 2d DCA 1991).

It is undisputed that Debtors did not pay the 2007 and 2008 real estate taxes. The nonpayment of real estate taxes when due is an event of default under the Loan Agreement and Mortgage. Appellee American Momentum Bank learned that the 2007 and 2008 real estate taxes were unpaid in 2009; it is undisputed that Appellee American Momentum Bank paid the 2007 and 2008 real estate taxes at that time. American Momentum Bank sent a demand and notice letter dated May 7, 2009 to Debtors, based on Debtors' non-payment of the regular payments on the loan, the non-payment of 2007 and 2008 real estate taxes (approximately $1 million), and no

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

reimbursement of amounts paid by American Momentum Bank for the real estate taxes. (Dkt. 5, Exh. 4, p. 33). It is undisputed that Debtors made no payments to the Bank at any time before the foreclosure Complaint was filed in Sarasota County Circuit Court on June 9, 2009.

After consideration, the Court finds that the non-payment of real estate taxes when due is a monetary default which, pursuant to the Loan Documents, required no notice before Appellee could exercise its remedy to accelerate the Loan, and foreclose it. In any case, the foreclosure Complaint was filed more than thirty days after notice of acceleration of the Loan, during which time no payments were tendered to Appellee.

The Court **affirms** the determination of the Bankruptcy Court granting summary judgment to Appellee American Momentum Bank, and entering a Final Judgment of Foreclosure.

2. Notice Insufficient as to Repayment of Advance for Taxes

The Bankruptcy Court found that the record evidence sufficiently demonstrated that Appellants were on notice of their own failure to pay real estate taxes, that Appellee had advanced the tax payments, and that Appellee expected reimbursement.

The Court notes that Appellants were on notice of the obligation to repay Appellee for the sums advanced to pay delinquent real estate taxes because of a series of meetings and communications between the parties which took place before the May 7, 2009 letter was delivered. The Court finds no error in the determination of the Bankruptcy Court that any and all arguments Appellants made as to the May 7, 2009 notice and demand letter were not sufficient to defeat Appellee's Motion for Summary Judgment of Foreclosure. No notice was required as to monetary defaults, and there

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

was sufficient notice as to any non-monetary default.  Appellants provided no evidence of any effort to reimburse Appellee for payment of real estate taxes at any time after the notice and demand letter of May 7, 2009 and the filing of the foreclosure complaint on June 9, 2009, or any protest to the acceleration of the entire amount due under the Loan Documents on that basis.

The Court **affirms** the determination of the Bankruptcy Court as to this issue.

3. Counterclaim

At the outset, the Court finds Appellants' argument that Appellants' Loan was not in default because Appellee had paid the 2007 and 2008 real estate taxes on behalf of Appellants, and therefore Appellee was not entitled to accelerate and foreclose the Loan, to be untenable.  Appellants' obligations under the Loan Documents expressly included the duty to pay the real estate taxes when due.  Appellants did not pay the real estate taxes, and the fact that Appellee did pay the taxes did not transform Appellants' non-payment into something other than an event of default.

As the Court has already found, the Bankruptcy Court did not err in its determination that any and all arguments that Appellants made as to the May 7, 2009 notice and demand letter were not sufficient to defeat Appellee's Motion for Summary Judgment of Foreclosure.

The Court **affirms** the determination of the Bankruptcy Court as to this issue.

4. Motion for Appellate Attorney's Fees (Dkt. 15)

This case was administratively closed on September 12, 2012.  The Court

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

previously denied the Motion for Appellate Attorney's Fees without prejudice, subject to renewal when this case is reopened. The Clerk of Court shall reopen this case, and Appellee shall file a Notice of Appellee's renewal of the Motion for Appellate Attorney's Fees within fourteen days. The Court **reserves jurisdiction** to determine the amount of reasonable attorney's fees.

As to appellate costs, the Clerk of Bankruptcy Court shall tax the costs in favor of Appellee and against Appellants upon the filing of Appellee's bill of costs under Rule 8014 in accordance with the applicable Rules.   Accordingly, it is

**ORDERED** that:

1. the Clerk of Court **shall reopen** this case;

2. this appeal is **dismissed with prejudice** as to all Appellants except for Waterside Properties, LLC and Frank Menke, III, pursuant to Trustee's Stipulation;

3. As to Appellants Waterside Properties, LLC and Frank Menke, III, the Orders and Final Judgment of the Bankruptcy Court are **affirmed.**

3. Appellee shall file a Notice to renew the Motion for Appellate Fees within fourteen days. The Court **reserves jurisdiction** for the determination of attorney's fees, if the motion is renewed. As to appellate costs, the Clerk of Bankruptcy Court shall tax the costs in favor of Appellee and against Appellants upon the filing of Appellee's bill of costs under Rule 8014. The Clerk of Court shall close this case.

Case No. 8:11-CV-2285-T-17
Case No. 8:11-CV-2286-T-17

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 21st day of December, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record